## SHERBURNE *v.* BROWN.

A jury may find the date of an occurrence from circumstantial evidence.

Where it appeared that some time in July, after or about sunset, the plaintiff, while walking on the road from N to O, was overtaken and passed by the defendant in a carriage, followed by A and B in another carriage, and the time was fixed as within a few days or a week after July 4th, and a witness testified that "in the fore part of July," just after sunset, he overtook and passed the plaintiff walking on that road, and that soon after he arrived at O the defendant and A and B came there ;—*Held,* that it was competent for the jury to find upon this evidence that the occurrences took place on the same evening.

CASE, for so carelessly and improperly driving a horse and carriage in a highway, that the plaintiff, who was there traveling on foot, was put in peril, and obliged instantly to jump out of the highway into a ditch, whereby he was injured. The time of the transaction alleged in the declaration was July 2, 1859.

It was not disputed that at some time in July, after or about sunset, the defendant, while driving a horse and carriage on the Croydon turnpike from Newport to Croydon, in company with Putnam and Patridge, who were riding in another carriage, overtook the defendant, and the defendant jumped from the highway into a ditch. But the speed and care with which the defendant was driving, the care exercised by the plaintiff, whether he was intoxicated, the distance between him and the defendant's horse when he jumped into the ditch, the necessity of his jumping, and whether he was injured at that time, were matters in dispute. Various witnesses fixed the time of the transaction indefinitely within a few days or a week after July 4th. One Blake, a witness called by the plaintiff, testified that on the 13th day of July, in the evening, he met the plaintiff on foot, near the place where the defendant overtook the plaintiff, and that immediately after meeting the plaintiff he met the defendant in one carriage, and two other men in another carriage.

Subject to the plaintiff's exception, one Marsh testified that in the fore part of July, just after sunset, he overtook and passed the plaintiff on the turnpike ; that he did not drive fast or near the plaintiff ; that the plaintiff staggered, and jumped out of the road into a ditch, and that, soon after the witness arrived at Croydon, the de-

fendant and Putnam and Patridge came there.   The ground of the plaintiff's exception was, that the evening was not fixed by Marsh as the same on which the plaintiff was overtaken and passed by the defendant.

A verdict was returned for the defendant, which the plaintiff moved to set aside because of the foregoing exception, and because of the misconduct, partiality, and previously formed opinions of certain members of the jury.

*L. W. Barton*, for the plaintiff.

*Cushing*, and *Bowers*, for the defendant.

BARTLETT, J.   As the only objection taken to the testimony of Marsh was that the occurrence he stated was not fixed by him as on the evening of the alleged injury to the plaintiff, the exception can not prevail if there was competent evidence on which the jury could have found such to have been its date.   We think the coincidence in the time of the day and year, the fact that the plaintiff was traveling in the same direction over the same road as at the time of the alleged injury, and the fact that the defendant and the two men who went over the same road to Croydon together on that occasion, came to Croydon together at this time, were competent evidence on which the jury might have found that Marsh's testimony related to the evening of the alleged injury.

There is a motion to set aside the verdict because of the alleged partiality of one of the jurors, but upon the evidence we do not think the fact is made out.   There must be

*Judgment on the verdict.*